IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| PAMELA S. SCHAU, | ) |
| Plaintiff, | ) |
| v. | ) No. 11-CV-1262 |
| THE BOARD OF EDUCATION OF PEORIA SCHOOL DISTRICT NO. 150, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court for a Report and Recommendation on Defendant Board of Education of Peoria Public School District No. 150's (District) Motion to Dismiss All Counts of Plaintiff's Complaint (d/e 8) (Motion). Plaintiff Pamela S. Schau alleges that she worked for the District under the terms of an employment contract. She alleges that the District breached the contract when the District terminated her employment. She also alleges that the District denied her property interest in her employment without due process. The District moves to dismiss on the grounds that the alleged contract is unenforceable. Schau asks the Court to consider the Motion to be a motion for summary judgment and submits evidence outside of the pleadings to oppose the

Motion. The Court declines to convert the Motion to a motion for summary judgment, and so, does not consider the matters submitted outside of the pleadings. See Fed. R. Civ. P. 12(d). For the reasons set forth below, the Court recommends that the Motion be DENIED.

STATEMENT OF FACTS

On July 1, 2009, the District and Schau entered into an employment agreement (Agreement) entitled "The Comptroller-Treasurer Contract." Complaint (d/e 1), Exhibit A, Agreement. Under the terms of the Agreement, Schau agreed to perform the duties of Comptroller and Treasurer for the District. The term of the Agreement was July 1, 2009, to June 30, 2011. Agreement, § 2(a). The Agreement provided that Schau could be terminated for good cause:

> a) Throughout the term of this Contract the Comptroller-Treasurer shall be subject to discharge for good and just cause. Failure to comply with the terms and conditions of this Agreement or the directives of the Board or Superintendent shall be sufficient cause for discharge.

Agreement, § 3(a). The Agreement further contained a provision which appeared to state that the Agreement was a performance based contract:

> This is a performance based contract and the Comptroller-Treasurer, Superintendent and Board have attached as a part of this contract, Addendum A which contains the mutually agreed upon Student Performance and Academic Improvement Goals for the Comptroller-Treasurer. . . .

Agreement, § 8. Addendum A, attached to the Complaint, however, is blank.[1]

The Illinois School Code, 105 ILCS 5/10-23.8a, governs multi-year employment contracts for principals, assistant principals, and other school administrators. Section 5/10-23.8a provides, in part:

> School districts may only employ principals, assistant principals, and other school administrators under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years, . . . .
>
> Performance-based contracts shall be linked to student performance and academic improvement attributable to the responsibilities and duties of the principal, assistant principal, or administrator. . . . Each performance-based contract shall include the goals and indicators of student performance and academic improvement determined and used by the local school board to measure the performance and effectiveness of the principal, assistant principal, or other administrator and such other information as the local school board may determine. . . .

105 ILCS 5/10-23.8a.

On January 25, 2010, the District and Schau executed an amendment to the Agreement. Complaint, Exhibit B, Amendment to The Comptroller-Treasurer Contract (Amendment).[2] The Amendment extended

---

[1] The Addendum A appears to be attached to the Amendment, discussed below, rather than to the original Agreement. Regardless, the Addendum A is blank.

[2] The Complaint erroneously alleges that the amendment was executed on January 25, 2011. Complaint ¶ 4. The Amendment, Exhibit B to the Complaint, is dated January 25, 2010. The Amendment is part of the Complaint, and so, can be considered by the Court. Fed. R. Civ. P. 10(c).

the termination date to June 30, 2012, and added the following change to the early termination of the Agreement:

> If the Comptroller-Treasure terminates employment prior to the end of this Contract, the Comptroller-Treasurer shall pay liquidated damages to the Board of Education. The amount of the liquidated damages shall be ten (10%) percent of the Comptroller-Treasurer's unpaid annual salary computed from the effective date of the notice of termination to June 30 of that Contract year, but in no event less than $5,000.00. In the event the Comptroller-Treasurer terminates employment during the term of this Contract, but effective at the end of a school year and has given the Board at least sixty (60) days' notice of such termination as herein provided, then no amount of liquidated damages shall be assessed. The Board of Education shall not release the employee from her employment contract until the provision of this contract have been complied with.
>
> If the Board desires to terminate this Contract, without cause, effective prior to the end of the contract, then the Board shall pay to the Comptroller-Treasurer an amount of liquidated damages, which shall be equal to ten (10%) percent of the Comptroller-Treasurer's unpaid annual salary computed from the effective date of the termination to June 30 of that Contract year, but in no event less than $5,000.00.

<u>Amendment</u>, at 1-2. Schau alleges that she had a property interest in her continued employment based on the Agreement, as amended by the Amendment.

On August 9, 2010, the Board terminated Schau's employment. Schau alleges that she was properly performing her duties, but the District claimed that she was terminated for cause. Schau alleges a § 1983 claim against the that the District for terminating her property interest in her

employment without due process.  Schau also alleges a state law claim for breach of contract.  The District now moves to dismiss.

ANALYSIS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).  The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2) & (d)(1).  While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

Under these standards the Complaint states a claim. The Court will address the Due Process and Breach of Contract Counts in order.

Due Process

To allege a due process claim, Schau must allege: (1) she had a property or liberty interest at stake; and (2) the District, acting under color of law, denied her of that property or liberty interest without due process. See Strasberger v. Board of Educ., Hardin County Community Unit School Dist. No. 1, 143 F.3d 351,358 (7th Cir. 1998). Schau argues that she has alleged a property interest in her employment.

A property interest in employment may arise from many sources, including an employment contract with a state actor. To create a property interest, the contract must create a legitimate claim of entitlement to employment, not just a hopeful expectation. Crim v. Board of Educ. of Cairo School Dist. No. 1,147 F.3d 535, 545 (7th Cir. 1998). In Illinois, employment for an indefinite term is presumed to be "at-will." Moss v. Martin, 473 F.3d 694, 700 (7th Cir. 2007). An employee in an at-will employment relationship has no legitimate expectation of continued employment, and so, no property interest in that employment. Rujawitz v. Martin, 561 F.3d 685, 688-89 (7th Cir. 2009). Employment for a stated term that can only be terminated for cause or other limited conditions, however, may create a legitimate expectation in continued employment for the term,

and so, a property interest in that employment.  <u>Vail v. Board of Educ. of Paris Union School Dist. No. 95</u>, 706 F.2d 1435, 1438 (7th Cir. 1983).

Schau alleges a property interest.  The Amendment states that Schau was employed for a stated term and the District would pay her liquidated damages if the District terminated her employment without cause before the expiration of the term.  Schau had a reasonable expectation of continued employment or a payment of liquidated damages if she was terminated without cause.

Schau must also allege that the District took an adverse action that took her property without due process.  Due process in employment generally requires notice of the charges and an opportunity to respond before the adverse action.  <u>Cleveland Bd. of Educ. v. Loudermill</u>, 470 U.S. 532, 546 (1985).  In this case, Schau alleges that the District terminated her for cause without any process.  She states a claim.

The District argues that Schau did not have a property interest in her employment because the Agreement violated Illinois School Code 105 ILCS 5/10-23.8a since it purported to be a multi-year contract, but did not contain any student performance and academic improvement goals.  The District argues that it lacked authority to enter into more than a one-year contract that did not comply with § 5/10-23.8a.  Thus, the Board argues that the Agreement was only a one-year contract that expired on July 1,

2010.  See Wynn v. Board of Educ. Of School Dist. No. 159, __F.Supp.2d__, 2011 WL 1882454 (N.D. Ill. 2011).  Once the Agreement ended, Schau was an at-will employee with no property interest in her employment and no right to due process before being terminated.

Schau argues she had a property interest in her employment because the Amendment constituted a new contract commencing on January 25, 2010, and she was terminated within a year of the commencement of that agreement.  She also argues that it is a question of fact regarding whether she was a school administrator subject to § 5/10-23.8a.  The Court agrees that the Amendment constituted a new contract between Schau and the District that commenced on January 25, 2010.  See Barrett v. Lawrence, 110 Ill.App.3d 587, 590, 442 N.E.2d 599, 601-02 (Ill.App. 1st Dist. 1982) ("An agreement when changed by mutual consent of the parties becomes a new agreement which takes the place of the old").  Thus, even if § 5/10-23.8a applied, the Amendment was in effect for a year, and so, in effect on August 9, 2010, when the District terminated her.  She had a right to due process before being terminated for cause.  She allegedly received no process at all.  She states a claim.

The Court does need to decide whether § 5/10-23.8a applied to Schau because the applicability would only affect the measure of damages.  Under the Amendment, Schau would be entitled to liquidated damages

from August 9, 2010, to either January 25, 2011, or June 30, 2011, subject to a minimum payment of $5,000.00, depending on the applicability of § 5/10-23.8a. Either way, she states a claim.

Breach of Contract

To state a breach of contract claim, Schau must allege formation of a contract, her performance of her obligations under the contract, breach by the other party to the contract, and damage. Allstate Ins. Co. v. Winnebago County Fair Ass'n, Inc., 131 Ill.App.3d 225, 233, 475 N.E.2d 230, 239 (Ill.App. $2^d$ Dist. 1985). As explained above, Schau has alleged a valid employment contract in the Amendment at the time of her termination. She alleged that she was performing her duties properly and the District improperly terminated her for cause. She, thus, states a claim for breach of contract.

WHEREFORE, the Court recommends that Defendant Board of Education of Peoria Public School District No. 150's Motion to Dismiss All Counts of Plaintiff's Complaint (d/e 8) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of an ECF copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v.

Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER: November 21, 2011

          *s/ Byron G. Cudmore*
          BYRON G. CUDMORE
   UNITED STATES MAGISTRATE JUDGE