E-FILED
Friday, 20 January, 2012 08:07:54 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA S. SCHAU, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 11-1262 |
| THE BOARD OF EDUCATION OF PEORIA SCHOOL DISTRICT NO. 150, | ) |
| Defendant. | ) |

## **O R D E R**

On November 21, 2011, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Defendant has filed a timely Objection, and this Order follows.

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging that Defendant wrongfully terminated her employment as the Comptroller-Treasurer for the school district in violation of the terms of her employment contract and her Fourteenth Amendment rights. Defendant moved to dismiss the Complaint, arguing that Plaintiff has failed to state a claim upon which relief could be granted.

Courts have traditionally held that a complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the

mandate in Federal Rules of Civil Procedure 8(f). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). Furthermore, the claim for relief must be "plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009).

For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

The Magistrate Judge concluded that Plaintiff had sufficiently alleged the deprivation of a property interest in her employment without due process, as well as breach of contract. Defendant objects to the Report & Recommendation based on a statement made by Plaintiff in her response to the Motion to Dismiss. Specifically, the amendment to the employment agreement provided for termination of the agreement without cause prior to the end of the term if Defendant paid Plaintiff liquidated damages. In her response memorandum, Plaintiff stated that at the time of her termination, Defendant paid her a sum of money equal to the liquidated damages that it was required to pay.

While Defendant may be correct in highlighting this apparently material fact, the limited scope of review on a motion to dismiss does not allow it to be considered at this stage of the litigation. Matters outside the pleadings (e.g. complaint) cannot be considered without converting the motion into a motion for summary judgment, which has not been done in this case. Fed. R. Civ. P. 12(d). Accordingly, the Court cannot consider the alleged admission upon which Defendant's

objection rests. If Defendant believes that it is entitled to partial or full relief based on this information, it should file a properly supported motion for summary judgment in accordance with Fed. R. Civ. P. 56 and Local Rule 7.1(D).

The Court therefore concurs with the Magistrate Judge's detailed discussion and recommendation that the Motion to Dismiss be denied. Accordingly, the Court now adopts the Report & Recommendation [#14] of the Magistrate Judge in its entirety. Defendant's Motion to Dismiss [#8] is DENIED. This matter is again REFERRED to Magistrate Judge Cudmore for further proceedings.

ENTERED this 19th day of January, 2012.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                United States District Judge