UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA SCHAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-1262 |
| | ) |
| THE BOARD OF EDUCATION OF | ) |
| PEORIA PUBLIC SCHOOL DISTRICT | ) |
| NO. 150, | ) |
| | ) |
| Defendant. | ) |

**O P I N I O N**

This matter is now before the Court on Defendant, the Board of Education of Peoria Public School District No. 150's (the "Board"), Motion for Summary Judgment. The Motion is fully briefed. For the reasons set forth below, Defendant's Motion for Summary Judgment [22] is DENIED.

**BACKGROUND**

On July 1, 2009, the Board and Plaintiff, Pamela Schau ("Schau"), entered into an employment agreement titled "The Treasurer/Comptroller Contract" (the "Contract"). Sections 3 (a) and (b) of the Contract provided Schau with the right to "written charges, notice of and a hearing before the Board" in the event that shw was subject to discharge for "good and just cause." Section 3(e) of the Contract allowed either party to terminate the agreement without cause by giving the other party 60 days written notice of such termination and payment in the dollar amount equal to 30% of Schau's base annual salary.

On January 25, 2010, the parties mutually agreed to extend the term of the Contract for an additional year and revise Section 3(e) (hereinafter referred to as the "Amendment"). The Amendment provides:

> Paragraph 3.e. is hereby deleted and in its stead the following is added . . .
>
> If the Board desires to terminate this Contract, without cause, effective prior to the end of the Contract, then the Board shall pay to the Comptroller-Treasurer an amount of liquidated damages, which shall be equal to ten (10%) percent of the Comptroller-Treasurer's unpaid salary computed from the effective date of the notice of termination to June 30 of that Contract year, but in no event less than $5,000.00

At the July 1, 2010, meeting of the Board, Schau was reappointed to the Office of the Treasurer of the District. In August 2010, the Board terminated Schau's employment, effective August 9, 2010. The Board stated that it was relying on the termination without cause provisions of the Amendment and tendered her a check for any accrued vacation pay and a sum of money equal to the liquidated damages contemplated under Section 3(e) of the Amendment to the Contract. Schau never deposited the check, despite the fact that it indicated that it would expire if not tendered for payment within 90 days.

Following her termination, Schau applied for unemployment compensation benefits. She was advised that the Board objected to her application because she was discharged from her employment with the District for cause. The Board has since conceded that at the time of Schau's termination, it believed that she had engaged in conduct warranting her discharge.

Schau brought this suit, alleging that she was denied due process in her termination and that the Board breached the terms of the Contract and Amendment. The Board has now moved for summary judgment, and this Order follows.

**Legal Standard**

Summary judgment should be granted where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. In ruling on a motion for summary judgment, the Court must view the evidence on record in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Sciences Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). All inferences reasonably drawn from the facts must be construed in favor of the non-movant. However, any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988); *Smith v. Hope School*, 560 F.3d 694, 699 (7th Cir. 2009).

It is not the Court's function to scour the record in search of evidence to defeat a motion for summary judgment. The moving party has the responsibility of identifying portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. If the evidence on record could not lead a reasonable jury to find for the non-moving party, then no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 796 (7th Cir. 1997). At the summary judgment stage, however, the "court may not make credibility determinations, weigh the evidence,

or decide which inferences to draw from the facts." *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007).

In order to establish a Due Process claim, a plaintiff must demonstrate: (1) that the defendant deprived him of a constitutionally protected liberty or property interest, and (2) that the deprivation was without sufficient procedural protections. *Galdikas v. Fagan*, 342 F.3d 684, 691 (7th Cir. 2003); *Williams v. Seniff*, 342 F.3d 744, 786-87 (7th Cir. 2003); *Polenz v. Parrott*, 883 F.2d 551, 555 (7th Cir. 1989). Generally, due process requires some kind of pre-termination hearing prior to the discharge of the employee, as well as adequate post-deprivation remedies. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 540 (1985); *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003).

It is undisputed that Schau had a property interest in her employment. However, the Board argues that it did not deprive Schau of any property interest in her employment without due process because she was not terminated for cause. As she was terminated pursuant to the termination without cause provision of the Amendment and paid the appropriate amount of liquidated damages, the Board maintains that her property interest in her employment was not sufficiently affected to support a claim. Schau responds that the Board's subsequent conduct indicates that she was terminated for cause, but that the Board invoked the without cause provisions the Amendment to § 3(e) in order to deny her right to due process that attached to a termination for cause under §§ 3(a) and (b) of the Contract.

The Board's Motion largely rests on the suggestion that Schau has conceded that she was terminated without cause based on an admission that "At the time of the termination, the District tendered to her a sum of money equal to the liquidated damages which it was required to pay her for

a termination without cause under provisions of Section 3(e) of the amended employment agreement" and that the Board "terminated Schau relying upon the termination without cause provisions of the employment agreement and paid her the severance pay as contemplated under Section 3.e. of the agreement." However, admitting that the Board cited the termination without cause provision or tendered the amount of damages that would have been due under that provision is simply not equivalent to an admission that she was actually terminated for reasons other than cause. As the basis for the Board's Motion is faulty, the Motion for Summary Judgment must be denied.

Moreover, the Court notes that the Board has cited no authority in support of the position that where a contract provides for both termination for cause and termination without cause, the employer may opt to invoke the termination without cause provision even where it is basing its employment decision on allegations of misconduct warranting discharge. This provides another reason for the denial of the Board's Motion.

Schau's property right stems from the language of the Contract providing her with a right to due process where she is subject to discharge for good and just cause, as set forth in §§ 3(a) and (b). Nothing in the Amendment modifies or indicates that it supercedes these provisions, as the Amendment's plain language addresses only a situation where the Board wants to terminate the Contract without cause. Canons of construction provide that terms in a contract should not be read to render another term of the contract meaningless. "[C]ontracts are to be interpreted as a whole, giving meaning and effect to each provision of the contract." *Arrow Master, Inc. v. Unique Forming Ltd.*, 12 F.3d 709, 713 (7th Cir.1993) (*quoting Mayfair Constr. Co. v. Waveland Assoc. Phase I Ltd. Partnership*, 249 Ill.App.3d 188, 619 N.E.2d 144, 152 (1st Dist.), *appeal denied*, 153 Ill.2d 561, 624

N.E.2d 809 (Ill.1993)). "In construing a contract, it is presumed that all provisions were inserted for a purpose, and conflicting provisions will be reconciled if possible so as to give effect to all of the contract's provisions." *Id., quoting Mayfair Constr. Co.*, 153 Ill.2d 561, 624 N.E.2d at 809 (internal quotation marks omitted). However, the Court would have to ignore this principle in order to accept the Board's interpretation that the Amendment somehow trumps the provisions of §§ 3(a) and (b) and allows them to strip Schau of the procedural protections afforded to a termination for cause simply by calling it a termination without cause regardless of its true nature.

      While this precise situation does not appear to have been addressed in this circuit, the Court finds guidance in *Misek v. City of Chicago* 783 F.2d 98, 101 (7th Cir. 1986). Although the source of the property right in that case was statutory, the bottom line is that summary judgment was inappropriate where the plaintiff made sufficient showing that the stated reason for termination without cause was a sham and that he was actually fired for cause. The Seventh Circuit stated that "[t]o hold otherwise would allow government officials to cry 'reorganization' in order to circumvent the constitutional and statutory protections guaranteed" to the employees.

      Similarly, in this case, the Board indicated that it was terminating her employment without cause, but they opposed her application for unemployment benefits by suggesting that she had been terminated for cause. Even in the pleadings in this case, the Board has referenced unspecified misconduct warranting Schau's discharge. In taking these inconsistent positions, the Board appears to be trying to have its cake and eat it, too. If Schau can prove that she was actually terminated for misconduct constituting cause, then she was deprived of her contractual right to written charges, notice, and a hearing prior to her discharge.

Accordingly, the Court concludes that Schau has presented a genuine issue of material fact as to whether her termination was actually without cause, or whether the Board circumvented her right to procedural due process by cloaking a termination for cause in the guise of a termination without cause. Defendant's Motion for Summary Judgment is denied.

## Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment [22] is therefore DENIED. This matter is now ready for final pretrial conference.

ENTERED this 25th day of January, 2013.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge