E-FILED
Thursday, 05 December, 2013  03:32:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAMELA SCHAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1262 |
| | ) | |
| THE BOARD OF EDUCATION OF | ) | |
| PEORIA PUBLIC SCHOOL DISTRICT | ) | |
| NO. 150, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N

This matter is now before the Court on Defendant, the Board of Education of Peoria Public School District No. 150's (the "Board"), Motion for Reconsideration of the Order denying its prior Motion for Summary Judgment.  The  Motion is fully briefed.  For the reasons set forth below, Defendant's Motion for Reconsideration [22] is DENIED.

### BACKGROUND

On July 1, 2009, the Board and Plaintiff, Pamela Schau ("Schau"), entered into an employment agreement titled "The Treasurer/Comptroller Contract" (the "Contract").  Sections 3 (a) and (b) of the Contract provided Schau with the right to "written charges, notice of and a hearing before the Board" in the event that shw was subject to discharge for "good and just cause."  Section 3(e) of the Contract allowed either party to terminate the agreement without cause by giving the other party 60 days written notice of such termination and payment in the dollar amount equal to 30% of Schau's base annual salary.

On January 25, 2010, the parties mutually agreed to extend the term of the Contract for an additional year and revise Section 3(e) (hereinafter referred to as the "Amendment"). The Amendment provides:

> Paragraph 3.e. is hereby deleted and in its stead the following is added . . .
>
> If the Board desires to terminate this Contract, without cause, effective prior to the end of the Contract, then the Board shall pay to the Comptroller-Treasurer an amount of liquidated damages, which shall be equal to ten (10%) percent of the Comptroller-Treasurer's unpaid salary computed from the effective date of the notice of termination to June 30 of that Contract year, but in no event less than $5,000.00

At the July 1, 2010, meeting of the Board, Schau was reappointed to the Office of the Treasurer of the District. In August 2010, the Board terminated Schau's employment, effective August 9, 2010. The Board stated that it was relying on the termination without cause provisions of the Amendment and tendered her a check for any accrued vacation pay and a sum of money equal to the liquidated damages contemplated under Section 3(e) of the Amendment to the Contract. Schau never deposited the check, despite the fact that it indicated that it would expire if not tendered for payment within 90 days.

Following her termination, Schau applied for unemployment compensation benefits. She was advised that the Board objected to her application because she was discharged from her employment with the District for cause. The Board has since conceded that at the time of Schau's termination, it believed that she had engaged in conduct warranting her discharge.

Schau brought this suit, alleging that she was denied due process in her termination and that the Board breached the terms of the Contract and Amendment. The Board moved for summary

judgment, alleging that Schau somehow conceded that she was terminated without cause.  The Motion was denied, and the Board now seeks reconsideration of that ruling.  This Order follows.

### Legal Standard

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id. at 1270.

The Board's Motion for Summary Judgment largely rested on the suggestion that Schau had conceded that she was terminated without cause based on an admission that "At the time of the termination, the District tendered to her a sum of money equal to the liquidated damages which it was required to pay her for a termination without cause under provisions of Section 3(e) of the amended employment agreement" and that the Board "terminated Schau relying upon the termination without cause provisions of the employment agreement and paid her the severance pay as contemplated under Section 3.e. of the agreement."  However, the Court found that her admission that the Board cited the termination without cause provision or tendered the amount of damages that would have been due under that provision was simply not equivalent to an admission that she was actually terminated for reasons other than cause.

The Court further noted that although the Board indicated that it was terminating her employment without cause, they opposed her application for unemployment benefits by suggesting that she had been terminated for cause, and that even in the pleadings in this case, the Board has referenced unspecified misconduct warranting Schau's discharge.  The Court found that in taking

these inconsistent positions, the Board appeared to be trying to have its cake and eat it, too.  If Schau could  prove that she was actually terminated for misconduct constituting cause, then she was deprived of her contractual right to written charges, notice, and a hearing prior to her discharge.  The Court therefore found a genuine issue of material fact as to whether Schau's termination was actually without cause, or whether the Board circumvented her right to procedural due process by cloaking a termination for cause in the guise of a termination without cause, and set the matter for trial.

The Board seeks reconsideration based on the assertion that under the Court's ruling, it is prohibited from using the non-causal termination provision of the employment agreement to dismiss any employee whenever it has a reason to dismiss for cause.  This is incorrect.  The Court's ruling simply holds that the Board cannot take inconsistent positions in making its termination decisions, calling into genuine dispute which termination provision was actually applicable, without creating a genuine issue of material fact.  The Court did not find that Schau or any other employee could not have been properly terminated pursuant to the early termination/liquidated damages portion of the contract, but rather found that both contractual provisions had to be given meaning. Had the Board not opposed Schau's unemployment application by indicating that she had been dismissed for cause, an assertion that it has also made in this litigation, summary judgment would likely have been granted in the Board's favor if the case had been brought at all. This dispute of fact is what makes this case distinguishable from  Ungurait v. Peoria School District 150, 2012 WL 7006490 (Ill.App. 3 Dist. 2012), McArdle v. Peoria School Dist. 150, 705 F.3d 751 (7th Cir. 2013), and the other early termination cases which are cited by the Board in its Motion for Reconsideration.

4

To the extent that the Board now wishes to change its position with respect to whether Schau had a property right in her employment, it cannot do so under the limitations attendant to a motion to reconsider.  Nor is it allowed to have a second bite at the apple by raising new arguments that it could have presented in the prior motion, but chose not to present.  *See* " <u>Caisse Nationale de Credit</u>, 90 F.3d at 1270.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for Reconsideration [34] is therefore DENIED. This matter is now ready for final pretrial conference in the event that the requested settlement conference is unsuccessful.

ENTERED this 13th day of November, 2013.


<u>s/ James E. Shadid                        </u>
James E. Shadid
Chief United States District Judge