E-FILED
Friday, 28 February, 2014 03:12:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| PAMELA SCHAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-1262 |
| | ) |
| THE BOARD OF EDUCATION OF | ) |
| PEORIA PUBLIC SCHOOL DISTRICT | ) |
| NO. 150, | ) |
| | ) |
| Defendant. | ) |

## **O P I N I O N**

      This Order shall serve as a clarification of the Court's Order as a result of the the Board of Education of Peoria Public School District No. 150's (the "Board") Motion for Reconsideration of the Order denying its prior Motion for Summary Judgment. Specifically, the Court addresses the issue of the non-causal termination provision in Section 3(e) as opposed to the for cause termination provisions in Sections 3(a) and (b).

      The Court does not find or hold that the District should have used one section as opposed to the other. Nor does the Court find that the District is prohibited from using the non-causal termination provision of the employment agreement to dismiss any employee even if the District has reason to dismiss for cause. Rather, the Court's ruling in this case, based on the specific set of facts presented here, is that if the District terminates an employee under the non-causal provision, it cannot later take a position inconsistent with that decision. In other words, the District cannot have it both ways by invoking the non-causal termination provisions of the contract and then later acting

inconsistently with the spirit of that provision by taking a position that the employee committed misconduct that provided just cause for her termination.

Here, the District removed Schau under the non-causal provision, but then objected to her request for unemployment citing in effect what would be a removal for cause. The District also took the position in this case that Schau had engaged in misconduct warranting discharge. Which is it? The Court finds that under these facts, the Plaintiff has a right to proceed to have this question answered.

The issue for the jury is essentially whether the removal under the non-causal provision was merely a pretext to avoid a due process proceeding for the Plaintiff. If so, the Plaintiff is entitled to a due process hearing and other procedural protections as outlined in the employment agreement. If not, the matter ends. The point is that this issue was created by the District's action in taking a position inconsistent with the non-causal termination provision relied on in the employment agreement. It is this specific factual situation that makes this case readily distinguishable from the early termination cases cited by the District, namely <u>Ungurait v. Peoria School District 150</u>, 2012 WL 7006490 (Ill.App. 3 Dist. 2012), <u>McArdle v. Peoria School Dist. 150</u>, 705 F.3d 751 (7th Cir. 2013), <u>Dunlap v. Alcuin Montessori School</u>, 298 Ill.App.3d 329 (1998), and <u>Bishop v. Lakeland Animal Hospital, P.C.</u>, 268 Ill. App. 3d 114 (1994).

ENTERED this 28th day of February, 2014.

                                                s/ James E. Shadid
                                                James E. Shadid
                                                Chief United States District Judge