## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| PAMELA SCHAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-1262 |
| | ) | |
| THE BOARD OF EDUCATION OF | ) | |
| PEORIA PUBLIC SCHOOL DISTRICT | ) | |
| NO. 150, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N

This matter is now before the Court following Defendant, the Board of Education of Peoria Public School District No. 150's (the "Board"), citation of additional authority on the parties' request that the Court determine whether Schau had a property interest in her continued employment as a matter of law.

### DISCUSSION

On July 1, 2009, the Board and Plaintiff, Pamela Schau ("Schau"), entered into an employment agreement titled "The Treasurer/Comptroller Contract" (the "Contract"). Sections 3 (a) and (b) of the Contract provided Schau with the right to "written charges, notice of and a hearing before the Board" in the event that shw was subject to discharge for "good and just cause." Section 3(e) of the Contract allowed either party to terminate the agreement without cause by giving the other party 60 days written notice of such termination and payment in the dollar amount equal to 30% of Schau's base annual salary.

On January 25, 2010, the parties mutually agreed to extend the term of the Contract for an additional year and revise Section 3(e) (hereinafter referred to as the "Amendment"). The Amendment provides:

> Paragraph 3.e. is hereby deleted and in its stead the following is added . . .
>
> If the Board desires to terminate this Contract, without cause, effective prior to the end of the Contract, then the Board shall pay to the Comptroller-Treasurer an amount of liquidated damages, which shall be equal to ten (10%) percent of the Comptroller-Treasurer's unpaid salary computed from the effective date of the notice of termination to June 30 of that Contract year, but in no event less than $5,000.00

At the July 1, 2010, meeting of the Board, Schau was reappointed to the Office of the Treasurer of the District. In August 2010, the Board terminated Schau's employment, effective August 9, 2010. The Board stated that it was relying on the termination without cause provisions of the Amendment and tendered her a check for any accrued vacation pay and a sum of money equal to the liquidated damages contemplated under Section 3(e) of the Amendment to the Contract. Schau never deposited the check, despite the fact that it indicated that it would expire if not tendered for payment within 90 days. During the course of Schau's application for unemployment compensation benefits, she was advised that the Board objected to her application because she was discharged from her employment with the District for cause. The Board has since conceded that at the time of Schau's termination, it believed that she had engaged in conduct warranting her discharge.

The Court previously found that in taking these inconsistent positions, the Board appeared to be trying to have its cake and eat it, too. The Court therefore found a genuine issue of material fact as to whether Schau's termination was actually without cause, or whether the Board

2

circumvented her right to procedural due process by cloaking a termination for cause in the guise of a termination without cause.

Defendant has now switched to challenging Schau's property right in her employment, citing Kvapil v. Chippewa County, Wisconsin, 2014 WL 2581258 (7th Cir. June 9, 2014). This issue has already been addressed. In its first Motion for Summary Judgment, Defendant admitted that Schau had a property interest in her continued employment; there was no indication that this admission was made only for purposes of the pending motion. Moreover, in its November 13, 2013 Order, the Court held:

> To the extent that the Board now wishes to change its position with respect to whether Schau had a property right in her employment, it cannot do so under the limitations attendant to a motion to reconsider. Nor is it allowed to have a second bite at the apple by raising new arguments that it could have presented in the prior motion, but chose not to present.

Caisse Nationale de Credit, 90 F.3d at 1270. This is the law of the case and will only be revisited for good cause shown.

Even assuming that Defendant was not procedurally barred from challenging Schau's property interest at this late stage of the litigation, its reliance on Kvapil is misplaced. The substantive factual distinctions are numerous and fatal to Defendant's argument. Kvapil was a seasonal employee with no employment contract who had specifically been advised that he was an at-will employee. Schau was a full-time employee with a written employment agreement for a two-year term that was amended to extend the term for an additional year and provided her with the right to notice and a hearing in the event that she was discharged for cause. Accordingly, Kvapil is readily distinguishable and does not provide a valid basis for revisiting the law of the case.

Having resolved this issue, the parties appear to be in agreement that the only remaining issue for the jury will be the question of damages, as there is no dispute that Schau was deprived of any interest when she was terminated based on a belief that she had engaged in conduct warranting her discharge, and she was provided no hearing to contest the discharge. At trial, Schau will be allowed to attempt to demonstrate that she suffered economic damages as a result of the dismissal and may also attempt to establish that she suffered emotional distress damages. Defendant will attempt to prove that she would have been dismissed even if there had been a hearing. If Defendant is successful in showing that Schau's termination was justified, Schau will not be entitled to any economic damages and any emotional distress damages will be limited to distress attributable to the denial of procedural due process rather than the termination of her employment. Carey v. Phipus, 435 U.S. 247, 263 (1978); Alston v. King, 231 F.3d 383, 386 (7th Cir. 2000). Defendant may also assert a failure to mitigate by Schau.

The case remains set for trial on July 28, 2014. The final pretrial order shall be amended appropriately and filed with the Court no later than July 23, 2014. Any proposed voir dire questions, a joint witness list, and an agreed statement of the case are also due by the close of business on July 23, 2014.

ENTERED this 14th day of July, 2014.


/s/ James E. Shadid
James E. Shadid
Chief United States District Judge

4