**E-FILED**
Wednesday, 13 August, 2014  03:22:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| PAMELA S. SCHAU, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BOARD OF EDUCATION OF )<br>PEORIA PUBLIC SCHOOL DISTRICT )<br>NO. 150, )<br>)<br>Defendant. ) | No. 11-1262 |

## AFFIDAVIT OF JAMES P. BAKER

STATE OF ILLINOIS      )
                                  ) ss
COUNTY OF SANGAMON )

JAMES P. BAKER, being duly sworn upon his oath, deposes and states as follows:

1.  I have engaged in the private practice of law in Springfield, Illinois since 1971.  I hold a bachelor of arts degree from Hanover College in Hanover, Indiana and a juris doctor degree from the University of Denver College of Law.

2.  During the course of my professional practice, I have practiced extensively in the fields of labor and employment law as well as civil rights law as it relates to employment issues. In this respect, I have represented the interests of both employees and employers in a variety of employment and labor related matters including, but not limited to, cases involving:  employment discrimination, employment at will claims, retirement benefit claims, employment related civil rights claims, civil service problems and various union-management labor law issues in both the

Page -1-



public and private sector.  I have also lectured to professional groups and authored articles on both employment law and federal trial practice.

3.  Since 2003 I have been a partner with Baker, Baker & Krajewski, LLC, a law firm headquartered in Springfield, Illinois.  In addition to three partners the firm employs two paralegals and a legal secretary.  Additionally, it utilized the service of a part time lawyer who primarily engaged in legal research and document drafting.

4.  In August of 2010 Pamela Schau ["Schau"] sought my assistance with respect to possible claims arising out of an event which occurred earlier that month when she was terminated from employment with the Peoria Public School District No. 150 ["District"].  From that time through the present, I have represented Schau and provided professional services to her relating to a claim she advanced against the District in this lawsuit.

5.  Attached to this instrument as Exhibit A is a breakdown of the work performed by members and employees of Baker, Baker & Krajewski, LLC on behalf of Schau with respect to the above case from August 17, 2010 through August 12, 2014.  It does not include professional services provided to Schau after August 12, 2014 because those services have yet to be posted on the firm's time keeping system.  Exhibit A was prepared through timekeeping records maintained by the firm in the normal course of its business endeavors [see Jessica Shapiro Affidavit, Exhibit B].  It particularizes the work expended on Schau's behalf by each individual who performed work.  It itemizes the work performed by that individual, the day the work was performed and the nature of the work performed on that day.

6.  That with respect to the initials for service providers on Exhibit A those initials refer to the following:

a) JPB-James P. Baker, a partner with Baker, Baker & Krajewski, LLC.  Mr. Baker had primary responsibility for work performed in the above case;

b) JPK-J. Phillip Krajewski, a partner in Baker, Baker & Krajewski, LLC.  Mr. Krajewski's work was limited to reviewing the complaint prepared for Schau before it was filed in this case;

c) JAB-John A. Baker, a partner in Baker, Baker & Krajewski, LLC.  Mr. Baker's work was limited to Schau's petition for attorneys' fees;

d) ABF-Anneliese Fierstos.  Ms. Fierstos, a lawyer admitted to practice in Illinois, works on a part time basis for Baker, Baker & Krajewski, LLC.  Her work in this case was devoted primarily to legal research with respect to a variety of issues which arose during the course of the litigation; and

e) CM-Caren Mansfield, a paralegal employed by Baker, Baker & Krajewski, LLC.  Ms. Mansfield was the paralegal assigned to this case.  She provided a variety of paralegal services on behalf of Schau in this case.

7.  Caren Mansfield, a paralegal, assisted in this case and expended time on behalf of Schau in the above proceeding.  The time she expended on behalf of Schau for the most part avoided lawyers from Baker, Baker & Krajewski, LLC expending time on behalf of Schau which would be charged at a higher hourly rate.  Accordingly, her efforts reduced the potential legal expenses in representing the interests of Schau in the above proceeding.

8.  In my experience, the prevailing chargeable rate for paralegal services in Sangamon County, Illinois throughout the time period our firm was engaged by Schau has varied, but approximates 40% to 50% of the hourly rate of counsel.  Schau seeks the assessment of fees for

paralegal services at the rate of $100.00 per hour.

9. Ms. Mansfield has been a member of my staff for over twenty-five years. She has had extensive paralegal experience in working on employment and civil rights cases in the federal court system and is a former president of the Illinois Paralegal Association. Because of her experience, she can perform many paralegal services which are unique to federal civil litigation in a more time efficient manner than can paralegals who are less experienced in federal civil litigation.

10. During the time period Baker, Baker & Krajewski, LLC has represented Schau in the above captioned proceeding, the hourly rate it has charged clients for professional services in employment cases has ranged between $165.00 per hour and $300.00 per hour. The precise hourly rate charged in a particular case has been based upon a number of considerations which include: a) the nature and complexity of the professional service; b) the time period the firm has been required to wait from the time it begins providing professional services before it can expect to receive compensation for its work; c) the experience members of the firm have had prior to accepting representation in the subject matter in which professional services are required; d) the quality of the result achieved for the client; and e) the risks assumed by the firm in not being compensated for services.

11. There are relatively few lawyers in central Illinois who regularly represent claimants in cases involving employment and civil rights issues in the federal court system. I am acquainted with many of the lawyers in central Illinois who regularly represent claimants in this area. I also through my work experience am familiar with counsel located in central Illinois who regularly represent employers in this type of litigation. I am aware from that experience that the

current market rate for professional services by central Illinois lawyers in employment and civil

rights litigation in the federal court system by experienced litigators ranges between $250.00 per

hour and $350.00 per hour.

12. While Baker, Baker & Krajewski, LLC does on occasion accept employment

discrimination and civil rights cases on a pure contingency fee basis, this is not its normal

practice because of the nature of these cases.  Employment cases filed in the federal court system

frequently do not settle until the conclusion of both discovery and a summary judgment

proceeding resolved favorably to the plaintiff.  The risk of the case being lost through summary

judgment is significant.

13. Because of the risks of the dismissal of a case in the summary judgment proceedings

and the amount of work required to represent a plaintiff, Baker, Baker & Krajewski, LLC cannot

in the normal course of its professional activities bear the financial burden and risk of handling a

case on a pure contingency fee basis.  At the same time, many of the clients of Baker, Baker &

Krajewski, LLC because of their employment status cannot pay the market rate for professional

services required in these types of cases.  Accordingly, Baker, Baker & Krajewski, LLC has

engaged in the practice of a hybrid fee arrangement with clients.  This arrangement can take one

of two forms.  Under the first form, the client pays an hourly rate up to a ceiling amount which is

less than the total hours that Baker, Baker & Krajewski, LLC would be required to expend on a

case and Baker, Baker & Krajewski, LLC would share in the recovery made by the client.  Under

the second form, Baker, Baker & Krajewski, LLC would charge the client at a lower hourly fee

rate and, if the case is resolved successfully, the fee would be adjusted to an hourly rate which

would represent the market rate.

14.  In this case, Anneliese Fierstos, a lawyer who works on a part-time basis for Baker, Baker & Krajewski, LLC, provided legal services to Schau.  Largely, her services were related to performing legal research.  She graduated from John Marshall Law School in January of 1994 and was admitted to the Illinois Bar in May of 1994.  Ms. Fierstos frequently assists this firm in legal research in employment litigation.  She has co-authored with me an article on employment torts which was published by the Illinois Institute For Continuing Legal Education.  Through this petition, Schau seeks the assessment of fees for work performed by Ms. Fierstos calculated at the hourly rate of $175.00.

15.  For the work of J. Phillip Krajewski, John A. Baker and myself in this case, Schau requests that the Court make an award of attorneys fees calculated at the rate of $275.00 per hour for the services provided by each of them.  In support of this request, the following is offered:

A.  **The Nature Of Schau's Claim.**

The claims advanced by Schau in this case arose in the wake of the termination of her employment with the District.  Schau advanced a procedural due process claim which was unique because of the manner in which her employment agreement was drafted.  Under the terms of her employment agreement, there was both a for cause termination provision and a without cause termination provision.  Because of the existence of both provisions, it was contested in this case by the District that Schau had a property interest in her employment which could entitle her to maintain a claim under the Due Process Clause of the Fourteenth Amendment to the Constitution.  In this case Schau, on multiple occasions, had to resist the District's challenges to her legal entitlement to maintain a claim under the Due Process Clause.  She was successful in: a) securing a ruling that she had a property interest in her employment with the District given the

nature of her employment agreement and the reasons advanced by the District for terminating her employment; and b) receiving an award of compensatory damages from the jury.

### B. **The Experience Of Counsel**

For many years the undersigned has had experience in both the fields of employment law and constitutional tort litigation. This experience has come from representing both employers and employees in a variety of employment related contexts. I have litigated employment related claims before the Illinois Human Rights Commission and its predecessor, the Illinois Fair Employment Practices Commission, the National Labor Relations Board, the Illinois Civil Service Commission and various state and federal courts. This experience has included the litigation of claims maintained under the "*Age Discrimination in Employment Act*", Title VII of the "*Civil Rights Act of 1964*", the "*Americans with Disabilities Act*", the "*Civil Rights Act of 1870*", the "*Illinois Human Rights Act*", the "*Racketeer Influenced and Corrupt Organizations Chapter of the Organized Crime Control Act of 1970.*", the "*Family Medical Leave Act*" and the "*Fair Labor Standards Act*". I have represented clients in labor-management relations and employment law matters before the Illinois Appellate Court for the Fourth District, the Illinois Appellate Court for the Third District, the Illinois Appellate Court for the Fifth District, the Illinois Supreme Court, the United States District Court for the Central District of Illinois, the United States District Court for the Southern District of Illinois, the United States District Court for the Middle District of Tennessee, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Southern District of Iowa, the United States District Court for the Eastern District of Missouri, the United States Court of Appeals for the Seventh Circuit, the United States Court of Appeals for the Eighth Circuit and the United

States Tax Court.  I have participated in the preparation of writs of certiorari to the United States Supreme Court in employment law and constitutional tort matters.

J. Phillip Krajewski has been a member of the Illinois Bar since 1969.  Before entering private practice he was a career employee for the United States Department of Justice and served as an Assistant United States Attorney in the Middle District of Pennsylvania and the Eastern District of Virginia.  By virtue of both his federal employment and private practice experience, Mr. Krajewski has frequently litigated cases in the federal court system.

John A. Baker has been admitted to the practice of law in the State of Illinois since 1998.  Throughout his career, the focal point of his practice has involved employment cases and civil rights litigation.  He has had extensive experience in trying cases in the federal court system.  He has litigated cases in the United States District Courts for the Central District of Illinois, the Northern District of Illinois, the Southern District of Illinois, and the Middle District of Florida.  He has also represented clients before both the United States Court of Appeals for the Seventh Circuit and the United States Court of Appeals for the Eleventh Circuit.  He has been a partner at Baker, Baker & Krajewski, LLC since 2003.  I am familiar with his fee structure and, like me, he charges a range of fees for his work.  This range is from $200 to $300 based upon the nature of the work that is being performed.

Because of the legal experience of Mr. Krajewski, Mr. Baker and the undersigned, we were able to expend professional time on behalf of Schau more efficiently than a competent lawyer who was less experienced in cases of this type.

## C. **The Standards In The Professional Community.**

The rate requested in this affidavit is consistent with the standards of the legal community

in central Illinois for services provided in employment related and constitutional tort litigation. In support of this proposition, the affidavit of Carl Draper, a central Illinois lawyer experienced in representing the interests of claimants in employment matters, is attached as Exhibit C.

16.  Our fee arrangement with Schau in this case was consistent with the reduced fee arrangement referred to in paragraph 13 above.  In this respect we have charged her at a lower hourly fee rate our firm charges with the understanding that should this case be resolved in her favor the rates would be re-adjusted to reflect the market rate referred to above.  The amount we are seeking as described above is consistent with the fee arrangement the firm has had with Schau.

17.  Although virtually no discovery was either required or undertaken in the above captioned lawsuit, there was, nonetheless, a significant amount of work required because of the nature of the legal issues presented in this case.  In addition to preparing an initial complaint, participating in the preparation of several pretrial orders, attending several pretrial conferences, and preparing for and participating in a jury trial which lasted the better part of three days, I was required to engage in the following undertakings:

a) on October 3, 2011 the District, as its initial response to Schau's complaint, filed a motion to dismiss which largely was based upon certain provisions of the "School Code."  I was required to prepare a detailed memorandum and supporting affidavit in opposition to that motion to dismiss;

b) on June 27, 2012 the District filed a motion requesting summary judgment.  I prepared on behalf of Schau a memorandum and attachments in opposition to that motion;

c) on June 12, 2013 the District filed a motion asking this Court to reconsider its order denying its earlier motion for summary judgment.  I was required to prepare a memorandum in opposition to the District's attempt to have that order reconsidered;

d) on February 18, 2014 the District filed its first motion in limine.  On March 17, 2014 the District filed its second motion in limine barring evidence pertaining to damages.  I was required to file a memorandum responsive to each of those motions;

e) on March 17, 2014 I, on behalf of Schau, filed a motion in limine together with a supporting memorandum barring the District from offering evidence contrary to certain admissions made by it in its answer;

f) on June 13, 2014 the District filed a motion to cite authority which, in essence, requested this Court to determine as a matter of law that Schau had no property interest in her employment with the District.  I was required to file a memorandum in opposition to that motion; and

g) the issues of law in this case concerning the question of damages are unique and I was unable to locate any pattern jury instructions that would adequately instruct the jury concerning those issues.  Accordingly, I was required to spend time drafting instructions dealing with the damages issues in this case which were more involved that what is often involved in preparing jury instructions concerning the question of damages.

18.  The statements set forth above are based upon the personal knowledge of the undersigned.  If called upon, I could competently testify to the matters set forth above.

FURTHER YOUR AFFIANT SAYETH NOT.

Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2

SUBSCRIBED AND SWORN TO
before me this  13th day of August 201

Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2

OFFICIAL  SEAL
BRENDA SCHRADER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  10-25-2015

JPB

| August 17, 2010 | Office conference with client; memo to file | 2.5 |
|---|---|---|
| August 25, 2010 | Review email; email correspondence with client | 0.50 |
| September 5, 2010 | Review file | 1.0 |
| September 7, 2010 | Review School Code | 0.75 |
| September 8, 2010 | Review School Code; conference with client | 2.0 |
| October 21, 2010 | Review documents from clients; review employment agreement; memo to file; letter to client | 2.0 |
| October 26, 2010 | Revised memo | 0.25 |
| October 28, 2010 | Telephone conference with School District lawyer | 0.25 |
| November 3, 2010 | Review file; telephone conference with client | 1.75 |
| November 10, 2010 | Review file; letter to School District lawyer | 0.50 |
| November 12, 2010 | Revised correspondence | 0.25 |
| November 15, 2010 | Telephone conference with client | 0.25 |
| December 1, 2010 | Review letter; letter to School District; email to client | 0.50 |
| December 6, 2010 | Telephone conference with School District lawyer | 1.0 |
| February 23, 2011 | Review email | 0.25 |
| February 28, 2011 | Review file; telephone conference with client | 1.75 |
| April 6, 2011 | Email to client; review news article | 0.25 |
| May 31, 2011 | Review file; conference with ABF; review complaint | 1.25 |
| June 3, 2011 | Telephone conference with client; review complaint | 0.50 |
| June 4, 2011 | Review and drafted complaint | 1.25 |
| June 8, 2011 | Revised complaint | 0.50 |
| June 16, 2011 | Telephone conference with client; revised complaint | 1.0 |
| July 14, 2011 | Revised complaint | 0.75 |
| August 24, 2011 | Telephone conference with defendant's attorney | 0.25 |
| September 1, 2011 | Review service requests | 0.25 |

EXHIBIT

A

| | | |
|---|---|---|
| September 23, 2011 | Review email; email to client | 0.50 |
| October 12, 2011 | Review motion to dismiss and brief; email to client | 1.0 |
| October 28, 2011 | Worked on memorandum in opposition to motion to dismiss; telephone conference with client | 1.75 |
| October 31, 2011 | Worked on memorandum in opposition to motion to dismiss; telephone conference with client | 1.0 |
| November 1, 2011 | Research of law; work on memorandum in opposition to motion to dismiss | 4.0 |
| November 2, 2011 | Telephone conference with client; email to Mike Jacoby; research of law; worked on memorandum in opposition to motion to dismiss | 5.50 |
| November 3, 2011 | Telephone conference with client; telephone conference with Mike Jacobs; revised affidavit; worked on memorandum in opposition to motion to dismiss | 6.50 |
| November 4, 2011 | Drafted and revised memorandum in opposition to motion to dismiss | 3.0 |
| November 7, 2011 | Email to client | 0.25 |
| November 21, 2011 | Review Magistrate Recommendation; email to client | 0.75 |
| January 25, 2012 | Review order; email to client | 0.75 |
| February 7, 2012 | Review order; email to client | 0.50 |
| February 20, 2012 | Telephone conference with client; review file | 1.50 |
| February 24, 2012 | Email to client | 0.25 |
| March 1, 2012 | Review documents | 0.25 |
| March 7, 2012 | Participate in Rule 16 conference; review file | 0.50 |
| March 9, 2012 | Draft discovery requests; letter to client | 3.0 |
| March 13, 2012 | Revised discovery requests | 0.25 |
| March 28, 2012 | Review answer and discovery requests; telephone conference with client; review disclosure statement | 1.50 |
| May 9, 2012 | Review email; email to client | 0.75 |

| May 11, 2012 | Email to client | 0.25 |
|---|---|---|
| July 10, 2012 | Telephone conference with client | 0.75 |
| July 27, 2012 | Drafted declaration and affidavit; worked on response to summary judgment | 2.0 |
| July 28, 2012 | Telephone conference with client; worked on response to summary judgment | 3.0 |
| July 29, 2012 | Worked on response to summary judgment | 2.0 |
| July 30, 2012 | Revised declaration and affidavit | 0.75 |
| July 31, 2012 | Work on memorandum in opposition to summary judgment and supporting documents | 2.0 |
| August 15, 2012 | Review School District reply brief; email to client | 0.75 |
| January 28, 2013 | Review summary judgment order | 0.50 |
| January 30, 2013 | Email to client | 0.50 |
| February 5, 2013 | Telephone conference with client | 0.50 |
| May 9, 2013 | Telephone conference with client; telephone conference with defendant's attorney; drafted pretrial order | 3.0 |
| May 10, 2013 | Worked on pretrial materials; telephone conference with client | 2.0 |
| May 12, 2013 | Prepared for pretrial conference | 0.50 |
| May 13, 2013 | Travel to Peoria; conference with defendant's lawyer regarding pretrial order; attended pretrial conference; telephone conference with client | 6.0 |
| May 14, 2013 | Email to client; email to defendant's lawyer; email to ABF | 0.75 |
| May 22, 2013 | Review executive session minutes | 0.50 |
| May 31, 2013 | Review file materials and due process law; telephone conference with client | 1.75 |
| June 5, 2013 | Review client memo | 0.75 |

| June 7, 2013 | Review file and damage calculations; telephone conference with client | 1.25 |
| June 21, 2013 | Email to client | 0.25 |
| June 27, 2013 | Worked on brief in opposition to the motion to reconsider | 1.0 |
| June 28, 2013 | Worked on brief in opposition to the motion to reconsider | 5.0 |
| June 29, 2013 | Worked on brief in opposition to the motion to reconsider | 3.0 |
| June 30, 2013 | Worked on brief in opposition to the motion to reconsider | 0.50 |
| July 1, 2013 | Worked on brief in opposition to the motion to reconsider | 2.0 |
| July 2, 2013 | Review brief; prepared settlement demand letter; email to client | 2.50 |
| July 3, 2013 | Revised brief; revised settlement demand letter | 1.50 |
| July 5, 2013 | Telephone conference with client regarding settlement; review of file | 1.0 |
| July 25, 2013 | Review case law | 0.25 |
| July 26, 2013 | Review due process law; memo to file | 0.75 |
| November 5, 2013 | Telephone conference with client; review materials regarding motion for reconsideration; conference with Court; email to client | 1.50 |
| December 2, 2013 | Review file materials regarding damages; prepare for settlement conference; email to client; review compensatory damages law; telephone conference with client; prepared settlement demand letter | 3.0 |
| December 3, 2013 | Telephone conference with client; revised demand letter; review file to prepare mediation statement | 1.50 |
| December 4, 2013 | Revised settlement proposal; prepared mediation letter to Judge Gorman | 2.50 |

| December 5, 2013 | Review order denying motion for reconsideration | 0.50 |
|---|---|---|
| December 9, 2013 | Travel to Peoria; conference with client; attended settlement conference | 3.75 |
| December 10, 2013 | Review order denying defendant's motion for reconsideration | 0.25 |
| February 7, 2014 | Telephone conference with client; review of file | 0.50 |
| February 14, 2014 | Review and revised pretrial order | 1.0 |
| February 17, 2014 | Review defendant's revised changes to pretrial order; organized exhibit list | 1.25 |
| February 18, 2014 | Preparation for pretrial conference; prepared and revised pretrial order; review exhibit list; telephone conference with defendant's attorney (3) | 3.50 |
| February 19, 2014 | Preparation for pretrial conference; review motion in limine; travel Peoria; attended pretrial conference | 5.0 |
| February 20, 2014 | Review file | 0.25 |
| February 21, 2014 | Review reconsideration order; email to client | 0.50 |
| February 25, 2014 | Telephone conference with client | 0.25 |
| February 28, 2014 | Review opinion from Court regarding clarification; email to client | 0.50 |
| March 2, 2014 | Review motion for reconsideration opinion; review pretrial order; telephone conference with client; email to client | 1.25 |
| March 10, 2014 | Worked on motions in limine and responses to defendant's motion in limine | 0.50 |
| March 11, 2014 | Review case laws; telephone conference with ABF | 0.50 |
| March 12, 2014 | Review case law regarding motions in limine; review case law | 1.5 |
| March 13, 2014 | Prepared motion in limine and supporting brief | 2.50 |
| March 14, 2014 | Worked on response to defendant's motion in limine | 2.0 |
| March 15, 2014 | Worked on response to defendant's motion in limine | 1.0 |

| March 17, 2014 | Review revised motion in limine, supporting brief and response to defendant's motion in limine | 1.0 |
| March 28, 2014 | Worked on brief | 0.50 |
| March 29, 2014 | Worked on brief regarding motion in limine - damages | 6.0 |
| March 31, 2014 | Revised and completed brief regarding motion in limine - damages | 0.25 |
| April 15, 2014 | Revised pretrial order; email to defendant's lawyer | 0.75 |
| April 16, 2014 | Telephone conference with defendant's attorney | 0.25 |
| April 17, 2014 | Prepared for pretrial conference; travel to Peoria; attended pretrial conference | 6.50 |
| April 18, 2014 | Email to client | 0.25 |
| April 30, 2014 | Telephone conference with client | 0.50 |
| May 1, 2014 | Review order regarding motions in limine | 0.25 |
| May 2, 2014 | Prepared for pretrial conference; participated in pretrial conference; email to client | 1.0 |
| May 13, 2014 | Telephone conference with client; review file | 1.0 |
| June 3, 2014 | Telephone conference with client | 0.25 |
| June 12, 2014 | Worked on revisions to pretrial order | 0.75 |
| June 13, 2014 | Prepared revised pretrial order; email to defendant's lawyer; telephone conference with defendant's lawyer | 1.75 |
| June 17, 2014 | Telephone conference with defendant's attorney; email to defendant's lawyer; revised pretrial order | 1.25 |
| June 18, 2014 | Review defendant's motion to supplement authority | 0.50 |
| June 19, 2014 | Preparation for pretrial conference; travel to Peoria; worked on response to motion to cite authority; attended pretrial conference | 4.50 |
| June 26, 2014 | Worked on brief | 1.75 |
| June 27, 2014 | Prepared brief regarding trial issues | 5.0 |

| July 15, 2014 | Review order; email to client | 0.75 |
|---|---|---|
| July 17, 2014 | Review opinion of Court; email to client | 0.75 |
| July 18, 2014 | Revise pretrial order; email to defendant's lawyer | 1.0 |
| July 20, 2014 | Worked on jury instructions | 0.25 |
| July 21, 2014 | Revised pretrial order; drafted statement of the case; worked on jury instructions | 1.0 |
| July 22, 2014 | Worked on jury instructions; revised pretrial order; telephone conference with defendant's attorney (2); telephone conference with client | 3.0 |
| July 23, 2014 | Telephone conference with defendant's attorney; review statement of the case and pretrial order; drafted jury instructions; organize exhibits | 3.0 |
| July 24, 2014 | Telephone conference with defendant's attorney; trial preparation | 3.50 |
| July 26, 2014 | Office conference with client; trial preparation | 3.0 |
| July 27, 2014 | Trial preparation | 1.0 |
| July 28, 2014 | Trial preparation; travel to Peoria; attend trial | 12.0 |
| July 29, 2014 | Trial preparation; travel to Peoria; attend trial | 12.0 |
| July 30, 2014 | Trial preparation; travel to Peoria, attend trial | 8.0 |
| August 4, 2014 | Prepared memorandum regarding attorney fee issue | 1.0 |
| August 7, 2014 | Telephone conference with Carl Draper; drafted attorney fee affidavit | 2.0 |
| August 8, 2014 | Revised affidavit; conference with JAB | 0.75 |
| August 11, 2014 | Conference with JAB; review case law and draft of Attorney fees brief | 1.0 |
| August 12, 2014 | Review and revise attorney fee petition and supporting affidavit | 1.0 |
| | **Total** | 226.25 |

**JPK**

| October 21, 2010 | Conference with JPB | 0.50 |
|---|---|---|
| July 14, 2011 | Review complaint and make corrections | 0.75 |
| | **Total** | **1.25** |

**JAB**

| July 30, 2014 | Begin research on motion for attorneys fees | 1.25 |
|---|---|---|
| August 7, 2014 | Begin outlining issues for fee petition | 1.0 |
| August 8, 2014 | Research and draft fee petition; review pleadings history; review final pretrial order | 4.5 |
| August 10, 2014 | Draft attorney fee petition | 2.25 |
| August 11, 2014 | Draft attorney fee petition | 4.5 |
| August 12, 2014 | Finalize fee petition | 2.25 |
| | **Total** | 15.75 |

**ABF**

| June 5, 2011 | Draft complaint | 2.50 |
|---|---|---|
| October 17, 2011 | Research regarding board waived right to challenge contract | 3.50 |
| November 1, 2011 | Research and memo regarding Schau | 2.0 |
| May 23, 2013 | Research and memorandum to JPB | 3.0 |
| | **Total** | **11** |

**CM**

| July 14, 2011 | Prepare certificate of interest and civil cover sheet | 0.25 |
|---|---|---|
| August 10, 2011 | Prepare summons | 0.25 |
| September 8, 2011 | Submit summons to be issues; telephone conference with Meador Investigations; letter to Meador Investigations; research president of School Board | 0.75 |
| October 19, 2011 | Draft motion for extension of time; message for Stanley Eisenhammer | 0.50 |
| November 4, 2011 | Review memorandum and insert references | 0.25 |
| February 1, 2012 | Prepare discovery plan | 0.25 |
| February 17, 2012 | Email to client regarding initial disclosures | 0.20 |
| February 22, 2012 | Telephone conference with Janice at Hodge, Loizii regarding plan; revise plan and email to Janice | 0.10 |
| February 23, 2012 | File join report; review email | 0.10 |
| March 5, 2012 | Review minutes from School board meetings for 2009 and 2010 | 0.75 |
| March 6, 2012 | Telephone conference with client; work on Rule 26(a)(1) Initial Disclosures and damage information | 1.0 |
| March 7, 2012 | Review email; revise Rule 26(a)(1) Initial Disclosures; emails to client; work on damages calculation; review contract | 1.50 |
| March 13, 2012 | Draft notice of service | 0.20 |
| March 28, 2012 | Participate in telephone conference with client | 0.25 |
| June 12, 2012 | Review file and work on Rule 26(a)(1) Initial Disclosures; work on damages calculation | 0.50 |
| July 23, 2012 | Draft motion for extension of time; telephone conference with Janice; telephone conference with Stanley Eisenhammer; message for Beth Jensen; file motion | 0.25 |

| May 10, 2013 | Participate in telephone conference with client and JPB; revise damages; prepare witness and exhibit list | 2.50 |
| June 28, 2013 | Research of law regarding standards for motion for reconsideration; draft motion for extension of time | 2.25 |
| January 29, 2014 | Telephone conference with client | 0.10 |
| March 7, 2014 | Cases for JPB | 0.25 |
| March 31, 2014 | Research of law regarding emotional distress | 1.75 |
| July 18, 2014 | Prepare subpoenas | 0.25 |
| July 24, 2014 | Email client hotel information; set up files; prepare exhibits and amended exhibit list | 1.0 |
| July 28, 2014 | Travel to Peoria; attend trial | 11.0 |
| July 29, 2014 | Travel to Peoria; attend trial | 11.0 |
| July 30, 2014 | Travel to Peoria; attend trial | 8.0 |
| | **Total** | 45.2 |

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

Pamela S. Schau,                          )
                                          )
                  Plaintiff,              )
                                          )
        v.                                )    Case No.      11-1262
                                          )
The Board of Education of Peoria Public   )
School District No. 150,                  )
                                          )
                  Defendant.              )

### AFFIDAVIT OF JESSICA SHAPIRO

Under oath, your affiant states as follows:

1.      I am employed by Baker, Baker & Krajewski, LLC.

2.      I am in charge of the billing and timekeeping records at Baker, Baker &
        Krajewski, LLC.

3.      The hours reflected and the costs indicated in the Memorandum of Law in
        Support of Petition for Attorney Fees and Costs is true and correct.

4.      Attached to this Affidavit as Exhibit A is a breakdown of the costs
        associated with this matter.

5.      If called to testify, I could competently testify to all matters contained
        herein.

FURTHER YOUR AFFIANT SAYETH NOT.

Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2

SUBSCRIBED AND SWORN TO before
me this 13th day of August, 201_



Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2

FICIAL SEAL
BRENDA SCHRADER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES  10-25-2015



EXHIBIT
B

**Costs**

| | | |
|---|---|---|
| September 9, 2010 | Postage | $0.88 |
| July 14, 2011 | Court filing fee | $350.00 |
| August 10, 2011 | Copies (48) @ $0.15 per copy | $7.20 |
| August 12, 2011 | Postage | $1.68 |
| September 1, 2011 | Postage | $0.44 |
| September 8, 2011 | Postage | $1.88 |
| September 26, 2011 | Service fee | $50.00 |
| February 19, 2014 | Travel from Springfield to Peoria and return (JPB) (140 miles @ $0.55 per mile) | $77.00 |
| February 19, 2014 | Copies for pretrial order and exhibits | $28.50 |
| April 17, 2014 | Travel from Springfield to Peoria and return (JPB) | $77.00 |
| June 19, 2014 | Travel from Springfield to Peoria and return (JPB) | $77.00 |
| July 28, 2014 | Travel from Springfield to Peoria and return (CM) | $77.00 |
| July 28, 2014 | Peoria parking | $7.00 |
| July 29, 2014 | Travel from Springfield to Peoria and return (CM) | $77.00 |
| July 29, 2014 | Peoria parking | $7.00 |
| July 30, 2014 | Travel from Springfield to Peoria and return (CM) | $77.00 |
| July 30, 2014 | Peoria parking | $7.00 |
| | **TOTAL:** | $923.58 |

Page 1 of 1

EXHIBIT

A

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

PAMELA S. SCHAU )
)
Plaintiff, )
)
v. )
) Case No.: 11 CV 01262
) Honorable James E. Shadid
)
THE BOARD OF EDUCATION OF )
PEORIA PUBLIC SCHOOL )
DISTRICT NO. 150 )
)
Defendant. )

STATE OF ILLINOIS )
) S.S.
COUNTY OF SANGAMON )

## AFFIDAVIT

I, Carl R. Draper, being first duly sworn on oath, state that I am an attorney licensed to practice law in the State of Illinois. I also affirm that the following matters set forth in this affidavit are based solely on my personal knowledge and are true and correct.

1.     I am an attorney licensed to practice law in the State of Illinois since May 1, 1981 and licensed in the United States District Court for the Central and Southern Districts of Illinois, as well as the Seventh Circuit Court of Appeals. I have tried or appealed cases in all levels of these courts.

1



EXHIBIT
C

2.    I have been engaged in the private practice of law in Sangamon County since September, 1987.

3.    I served as an Assistant Attorney General for the State of Illinois from September, 1982 until November, 1984.  During that time, I served in the General Law division and was responsible for, among other things, government representation in civil rights matters, and representation of State officials in class action litigation, as well as litigation involving tort claims, administrative law issues, and employment law claims against public officials.

4.    Since 1987, I have practiced law with a focus on civil rights and the rights of employees of the State of Illinois together with administrative law matters and other civil trial and appellate practice.

5.    I presently serve on the Local Rules Committee of the Central District of Illinois.

6.    I have been elected to the College of Employment and Labor Lawyers in 2012.

7.    There are few lawyers in central Illinois practicing in the area of employment law, civil rights actions, administrative law or complex litigation on behalf of individuals against businesses or governmental agencies or officials.

8.    Based upon my experience in these areas of law there are fewer lawyers willing to accept cases involving claims for individuals in federal courts than there were prior to 1990.

2

9.  For the kind of case at issue herein, typically my firm will not accept cases on a strictly contingent fee basis due to the difficulty and complexity of preparing these cases. Typically, employers do not believe that the size of damage awards is significant enough to encourage settlement at early stages of litigation, and as a consequence, these cases must be initiated with a belief that they will proceed completely through trial. It is my opinion that this affects the willingness of lawyers in central Illinois to accept such cases and a reason why the attorney's fees that are required for these cases will tend to be large.

10. I have been familiar with James P. Baker for many years.

11. Mr. Baker has been one of the few attorneys in central Illinois willing to undertake complex employment law and civil rights litigation claims.

12. I reviewed the issues and results in the case of Schau v. Board of Education of Peoria School District No. 150 Case No. 11-CV-1262. The legal issues and the burdens of proof for cases like this are difficult for plaintiffs and their counsel.

13. The reasonable hourly fee for an attorney possessing the experience and skills of James P. Baker is $250 – $300 per hour or more.

14. I have been billing clients at $250 per hour for employment or civil rights matters since 2007 and recently have started billing at rates of $300 – $350 per hour for complex employment law or civil rights actions since 2012.

3

15.     I receive on average 10 or more phone calls each week from prospective clients with claims of unlawful discrimination or civil rights violations. On average, I have time for and can return only 1 or 2 of these calls each week to consider whether to offer an appointment to review possible representation. In all of these calls, the potential clients express the difficulties they have in finding any attorney in central or southern Illinois who is willing to provide representation for these types of cases. I receive such calls from not only central Illinois, but Chicago, Rockford, Rock Island, Carbondale, Mt. Vernon and Marion from individuals who cannot find lawyers who work in the fields of civil rights and employment discrimination.

16.     In my experience, litigation with governmental bodies and businesses as defendants is made especially difficult by the number of motions filed, the various immunities that apply to governmental bodies or officials and difficulty in obtaining cooperation for discovery or pre-trial preparation. It is my opinion that some of the difficulty arises from the fact that the government officials pay their attorney fees from public funds and do not have the same business attitude about litigation that individuals or private businesses have.

17.     I have been familiar with the legal skills of James P. Baker and members of his firm including its staff and have had litigation with James P. Baker as opposing counsel in cases. I am of the opinion that he prepares very carefully and is prudent in his analysis of legal issues. He is a strong advocate for his clients and is well-prepared.

4

18.   In my opinion the reasonable hourly fee for the work of James P. Baker, considering his exceptional work should be valued at $300 – $350 per hour.

Further your affiant sayeth naught.

Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2
Carl R. Draper

Subscribed and sworn to before me
on August 13, 2014.

Signature redacted pursuant to
Federal Rule of Civil Procedure 5.2

Notary Public

OFFICIAL SEAL
JENNIFER L. YAKES
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-8-2016