E-FILED
Monday, 15 September, 2014  01:25:30 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PAMELA S. SCHAU, )
)
    Plaintiff, )
)
v. ) Case No. 11-1262
)
THE BOARD OF EDUCATION OF )
PEORIA PUBLIC SCHOOL DISTRICT )
NO. 150, a body corporate and politic, )
)
    Defendant. )

# O R D E R

This matter is now before the Court on Plaintiff's Motion for Attorney Fees and Costs.  For the reasons set forth below, the Motion [82] is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

On July 30, 2014, a jury awarded $34,741.32 in emotional distress damages in favor of Plaintiff, and the Court entered Judgment to that effect on August 4, 2014.  Plaintiff then filed the present Motion for Attorney Fees and Costs that was accompanied by some supporting documentation.  Defendant does not object to the costs and concedes that Plaintiff is a prevailing party by virtue of her jury award.  However, Defendant argues that the full lodestar amount should not be awarded in light of Plaintiff's partial degree of success in this matter.  This Order follows.

## DISCUSSION

I. <u>Costs</u>

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to Rule 54(d)(1) are specified in 28 U.S.C. § 1920. *See* <u>Crawford v. Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441 (1987). They include: (1) fees of the clerk and marshal; (2) fees of the court reporter; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of "papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

Rule 54(d) creates a strong presumption favoring the award of costs to the prevailing party. *See* <u>Weeks v. Samsung Heavy Indus. Co., Ltd.</u>, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." <u>Id.</u> (citation omitted). The losing party must affirmatively demonstrate the prevailing party is not entitled to costs. *See* <u>M.T. Bonk Co. v. Milton Bradley Co.</u>, 945 F.2d 1404, 1409 (7th Cir. 1991).

Here, Plaintiff seeks $435.70 in costs. Defendant does not oppose this request, and costs are therefore awarded in favor of Plaintiff in the amount of $435.70.

II. <u>Attorney's Fees</u>

Pursuant to 42 U.S.C. § 1988(b), the Court may award reasonable attorney's fees and expenses to the prevailing party in an action brought under 42 U.S.C. § 1983. Here, there is no dispute that Plaintiff is the prevailing party as she obtained a jury verdict on her

due process claim.  She seeks an award of $73,338.75 in fees plus an additional $487.88 in non-taxable expenses.

The reasonableness of a petition for fees is based on consideration of several factors.  Hensley v. Eckerhart, 461 U.S. 424, 430 (1983).  The Court must determine the lodestar amount by multiplying a reasonable number of hours expended by a reasonable hourly rate.  Id.  This lodestar can be adjusted either upward or downward based on: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is contingent or fixed; (7) time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship between attorney and client; and (12) awards in similar cases.  Id.

The party submitting the fee petition has the initial burden of justifying the fees requested and documenting them to the satisfaction of the reviewing court.  Id., at 437; Tomazzoli v. Sheedy, 804 F.2d 93, 96 (7th Cir. 1986).  Once that burden is met, the fees sought are presumptively appropriate unless challenged by the opposing party.  Id.  The reviewing court may not reduce the lodestar arbitrarily, but nevertheless has an independent obligation to scrutinize the legitimacy of a fee petition to determine the reasonableness of the hours requested.  Spellan v. Board of Education for District 111, 59 F.3d 642, 645-46 (7th Cir. 1995).  That being said, a court may reduce the number of hours requested by a lump sum or reasonable percentage "as a practical means of trimming fat

from a fee application." Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000).

Here, Defendant does not challenge the hourly rate sought by counsel or make any specific challenge to any of the hours expended or non-taxable expenses incurred. However, Defendant does argue that where "a plaintiff has achieved only partial or limited success", the full lodestar amount is excessive and should be reduced by two-thirds to reflect the degree of success attained. Hensley, 461 U.S. at 434. As Plaintiff's due process and breach of contract claims arise from a common core of facts, Defendant requests an across-the-board reduction as opposed to any attempt to reduce the lodestar by eliminating specific entries.

The Seventh Circuit has acknowledged that:

> [T]ime spent on related claims that ultimately prove unsuccessful should not be automatically excluded from the attorney's fee calculation. Instead, the focus in arriving at the appropriate fee award should be on "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation."

Bryant v. City of Chicago, 200 F.3d 1092, 1101 (7th Cir. 2000). Factors to be considered include: (1) the difference between the judgment recovered and the recovery sought; (2) the importance of the legal issues on which the plaintiff prevailed; and (3) the public purpose to be served. Connolly v. National School Bus Serv., Inc., 177 F.3d 593, 597 (7th Cir. 1999). Plaintiff's award in this case is substantially less than the nearly $300,000 in economic damages sought by Plaintiff in addition to her request for emotional distress damages. However, because the claims and issues were so intertwined, and Attorney Baker would have had to expend much of the same amount of time in preparation and trial, a two-thirds reduction would be excessive.

Clearly, the jury awarded no economic damages as a result of its finding that the School Board would have terminated the Plaintiff anyway. That was almost a given under the facts and circumstances of this case and testimony presented at trial. The nearly $35,000 award of emotional distress damages is nevertheless significant, particularly given that such damages were limited to any emotional distress suffered directly as a result of the denial of a hearing, as opposed to emotional distress associated with her termination. The Court also finds a substantial public interest in protecting an individual's right to receive due process. Accordingly, when balancing these competing factors, the Court finds that a 45% reduction to the lodestar is appropriate and awards fees in the amount of $40,336.32, plus non-taxable expenses totaling $487.88.

## CONCLUSION

For the reasons set forth above, the Motion for Attorney Fees and Costs [82] is GRANTED IN PART AND DENIED IN PART. The Clerk of Court is hereby directed to tax costs in the amount of $435.70 in favor of Plaintiff and against Defendant, and attorney fees and expenses are awarded in the amount of $40,824.20.

ENTERED this 15th day of September, 2014.

                                              s/ James E. Shadid
                                              James E. Shadid
                                          Chief United States District Judge